FREDERICK BRUCE HYMAN *v.* STATE OF MARYLAND

[No. 315, September Term, 1975.]

*Decided December 5, 1975.*

The cause was submitted on briefs to ORTH, C. J., and DAVIDSON and LOWE, JJ.

Submitted by *Sanford Z. Berman, R. Calvert Steuart* and *Pickett, Houlon & Berman* for appellant.

Submitted by *Francis B. Burch, Attorney General, Gilbert H. Robinette, Assistant Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* for appellee.

ORTH, C. J., delivered the opinion of the Court.

I

Code, art. 27, § 292 (b) applies to a person who has not previously been convicted of any offense relating to controlled dangerous substances (as defined in art. 27) under the law of Maryland, any other state, or the United States. If such person

  (a) pleads guilty or is found guilty of a controlled dangerous substance offense; and

  (b) the trial court is satisfied that the best interests of the person and the welfare of the people of Maryland would be served; and

  (c) such person consents

the trial court may

  (1) stay the entering of the judgment of guilt; and

  (2) defer further proceedings; and

  (3) place such person on probation subject to such reasonable terms and conditions as may be appropriate; and

  (4) require that such person undergo inpatient or outpatient treatment for drug abuse.

Upon violation of a term or condition of probation the

court may enter a judgment of conviction and proceed as otherwise provided by law.

Upon fulfillment of the terms and conditions of probation the court shall discharge such person and dismiss the proceedings against him. Such discharge and dismissal

- (i) shall be without a judgment of conviction; and
- (ii) shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including additional penalties imposed for second or subsequent convictions of controlled dangerous substances offenses; but

  discharge and dismissal may occur only once with respect to any person.

Upon satisfactory completion of any period of probation on which such person is placed

- (a) any public criminal record in any such case shall be expunged;
- (b) any expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose, except

  - (i) such conviction shall continue to constitute an offense for purposes of the law concerning controlled dangerous substances or any other criminal statute under which the existence of a prior conviction is relevant.

## II

On 7 August 1973 Frederick Bruce Hyman was presented and indicted, charged with violating various offenses of the law relating to controlled dangerous substances. Upon arraignment, a plea of not guilty was entered by the court in

absence of counsel. Appearance of counsel for him was filed. The case came on for trial in the Circuit Court for Prince George's County on 5 December 1973. The docket entry under that date reads:

"Hyman withdraws plea of 'Not Guilty' and enters a plea of 'Guilty' to counts. Judge Mattingly; Gazdayka, Reporter. Pre-Sentence Report ordered. Sentence date; January 4, 1974 at 9:30 a.m. Bond to continue pending sentencing." [1]

The docket entry under date of 4 January 1974 reads:

"Pre-Sentence Report, filed and returned. Hyman is sentenced by Judge Loveless, Irwin, Reporter, to the jurisdiction of the Division of Correction for a period of six (6) months and to pay a fine of $250.00. Fine to be paid within sixty (60) days thru the Division of Parole and Probation.

Sentence to incarceration is suspended and the Defendant is placed on probation under the supervision of the Division of Parole and Probation for an indeterminate period of time. Nolle Pros. remaining counts as to Hyman." [2]

---

1. The record submitted to us does not contain a transcript of the proceedings at the trial, either during the guilt stage or the penalty stage. There is nothing in the record before us sufficient to establish to what "counts" Hyman pleaded guilty. He alleged in a "Motion to Expunge Record", see *infra*, that he pleaded guilty to the fifth count of the indictment. That count presented that he unlawfully had marihuana in his possession on 12 July 1973.

2. Hyman does not challenge his probation "for an indeterminate period of time." But see Code, art. 27, § 641A which provides that there may be a grant of probation "for a period longer than the sentence but not in excess of five years." See Watson v. State, 17 Md. App. 263 (1973), *cert. den.*, 268 Md. 754.

There is a document in the record dated 4 January 1974 which spells out the conditions of probation. It is a printed form of the Division of Parole and Probation. The "general conditions" are printed and are apparently standard conditions. The special condition, typed therein, reads: "Probation for an indeterminate period of time.

    1. Defendant to pay a fine of $250.00 through the Division of Parole and Probation within 60 days."

Hyman signed the document, expressly accepting the probation and agreeing to comply with all its rules and conditions.

On 16 September 1974 Hyman filed a "Motion to Expunge Record." He summarized the history of the case through the penalty stage. He alleged that he believed "that it is and will in the future be extremely detrimental to him to have a record of his arrest maintained by the authorities." He asserted that he had complied with the terms of his sentencing and fell within the purview of art. 27, § 292. He prayed the court pass an order:

> "1. Discharging and dismissing the proceedings against him, to wit: Criminal Trial number 13500.
> 2. Expunging any public criminal record including the arrest record arising out of this offense."

A hearing on the motion was had on 23 October 1974 and according to the docket entry the motion was "Taken Under Advisement." On 2 April 1975 the court denied the motion "without prejudice." Hyman noted an appeal. No reasons for the denial appear in the record before us.[3]

### III

The issue for decision is whether the court below erred in denying the motion to invoke art. 27, § 292. It is best answered in terms of the question presented by Hyman, which follows what appeared to him to be the issue below:

> "When a Defendant has been sentenced and more

---

**3.** Hyman states in his brief:

"Although the aforedescribed Order is silent with respect thereto, the Honorable Ernest A. Loveless, Jr. has advised counsel for Appellant that counsel for Appellant may represent in this brief to the Court of Special Appeals of Maryland that it was the Court's opinion that the Court had no jurisdiction to grant the petition for relief under Article 27, Section 292, as more than ninety days from the date of sentence had expired before the petition was filed, and that the petition was not denied based upon the merits."

In support of the motion filed below Hyman presented a memorandum of points and authorities to the court. In so doing he stated that the issue for the court to decide appeared to be "whether subsequent to the expiration of ninety days from the date of sentence, a defendant can file a motion for consideration under Article 27, Section 292 of the Annotated Code of Maryland." He noted that there appeared to be a difference of opinion among various circuit court judges.

than 90 days thereafter have expired in a controlled dangerous substance case, does the Court have jurisdiction to entertain a petition for relief under Article 27, Section 292 of the Annotated Code of Maryland."

We shall assume for the purpose of decision, although the record before us does not affirmatively so show, that Hyman was a first offender within the contemplation of art. 27, § 292 (b) and, therefore, eligible for its benefits upon his plea of guilty. It is manifest, however, that at no time during the trial below, through the penalty stage, was there any indication whatsoever that the court intended, or that Hyman requested or desired, the case to be disposed of under § 292. There is nothing to show that the trial court was satisfied that the best interests of Hyman and the welfare of the people of Maryland would be served if § 292 were applied. The consent of Hyman to such application is not shown. The judgment of guilt was not stayed. Further proceedings were not deferred but sentence was imposed. There was simply no attempt to proceed under § 292. Rather, sentence was imposed and suspended as provided by art. 27, § 641A,[4] which authorizes the trial court, upon entering "a judgment of conviction" to "suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deem proper," except that probation may not be granted in excess of five years. See note 2, *supra*. Section 641A further provides: "If the offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to the imprisonment." This is precisely what the court here did. The short of it is that clearly there was no recourse to the alternative sentencing procedure provided by § 292.

---

**4.** By Acts 1974, ch. 795, effective 1 July 1974, and Acts 1975, ch. 527, effective 1 July 1975, art. 27, § 641 was amended to provide with respect to all crimes much of the substance of what § 292 authorizes as to violations of the controlled dangerous substances law. Section 641A remains intact.

Maryland Rule 764, § b 1 reads:

"For a period of ninety (90) days after the imposition of a sentence, or within ninety (90) days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within such period, the court shall have revisory power and control over the judgment or other judicial act forming a part of the proceedings. The court may, pursuant to this section, modify or reduce, but shall not increase the length of a sentence. After the expiration of such period, the court shall have such revisory power and control only in case of fraud, mistake or irregularity."

The court here lost its revisory power over the sentence ninety days after it was imposed, there being no allegation of fraud, mistake or irregularity in its imposition. It was over eight months after sentence was imposed that Hyman sought to invoke § 292. Therefore, the court was without power to modify the sentence by striking the judgment of guilt and the sentence, and then proceeding under § 292 (b). Section 292 is not at odds with, and does not pre-empt, Rule 764.

It is only when the procedures authorized by the sentencing provisions of § 292 (b) have been followed that the discharge, dismissal and expungement provisions of the statute come into play. The court must be satisfied that the best interest of the person and the welfare of the people of this State were served. It should stay the entering of the judgment of guilt, with the consent of the person, defer further proceedings and grant probation.[5] It is then that the person is entitled, upon fulfillment of the terms and conditions of probation, to be discharged, to have the

---

5. The grant of probation must be in accordance with art. 27, § 641A. See 57 Op. Atty. Gen. 518 (1972).

proceedings against him dismissed, and to have any criminal record expunged. The former is a condition precedent to the latter. Because the former was not invoked with respect to Hyman, and now may not be invoked, he is not entitled to the latter. We hold that the court below did not err in denying the motion.[6]

*Order of 2 April 1975 affirmed; costs to be paid by appellant.*

---

**6.** We have indicated, note 2, *supra,* that the grant of probation for an indeterminate period was illegal. We note that the trial court may correct an illegal sentence at any time. Rule 764 a.