THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS SPIEGEL, Appellant, *v.* JOSEPH A. McCANN, Warden of the New York County Penitentiary, Respondent.

First Department, July 1, 1932.

*Maurice R. Whitebook* of counsel [*Leo Brady* with him on the brief; *Maurice R. Whitebook*, attorney], for the appellant.

*Irving J. Tell, Deputy Assistant District Attorney*, of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

McAVOY, J. The relator was convicted of forgery in the second degree after trial in the Court of General Sessions on June 23, 1926.

On June 30, 1926, the relator was arraigned for sentence on such conviction and an order was made suspending sentence and directing that relator be placed upon probation for two years.

Before the expiration of the two-year probation, on October 22, 1927, the relator was arrested, charged with larceny. On November 10, 1927, upon an application by the probation officer reporting such arrest as a violation of probation, a bench warrant was issued out of the Court of General Sessions for the arrest of relator.

The relator was indicted for grand larceny, and the trial of relator on January 19, 1928, resulted in an acquittal by direction of the court. On January 27, 1928, relator was arraigned before the court for sentence upon the original conviction for forgery, upon charges of probation violation.

The court then ordered the original suspension of relator's sentence continued, and ordered extended by three years relator's original probationary term of two years from June 30, 1926.

On November 19, 1929, the Court of General Sessions ordered a bench warrant to issue for the arrest of relator, upon an application of the probation officer who charged that relator had violated probation by leaving the jurisdiction on October 15, 1929.

On October 23, 1931, after arraignment on said date before the court, an order was made revoking the suspension of sentence of June 30, 1926, and the continuation of said suspension of sentence of January 27, 1928, and sentencing relator to the New York County Penitentiary, where he is at present detained.

We think the Court of General Sessions had no power to add three years to relator's probationary term on January 27, 1928, and its order to that effect was in excess of jurisdiction and void. The court, therefore, was without authority to sentence relator to the penitentiary after June 30, 1928, the date of expiration of the original probationary period.

Probation for relator was fixed at two years from June 30, 1926, and normally would have terminated on June 30, 1928. Relator was sentenced and committed on October 23, 1931, during the extended probationary period.

Power to sentence a probationer is expressly limited to the confines of the probationary period. The Code of Criminal Procedure, section 483, subdivision 4, declares: " At any time during the probationary term of a person convicted and released on probation the court * * * may in its or his discretion, revoke and terminate such probation. Upon such revocation and termination, the court or justice may, impose sentence."

The time limit is as prescribed: "At any time during the probationary term."

Where sentence has been suspended, the court is empowered to impose sentence at any time within the longest period for which defendant might have been sentenced; in the instance of defendant being placed on probation, and the period of probation exceeds the time for which defendant might have been sentenced, at any time during the probationary period. (Code Crim. Proc. § 470-a; Penal Law, § 2188, as amd.)

Relator was given a suspended sentence with probation; and his

probationary term did not exceed the time for which he might have been sentenced.

The Code of Criminal Procedure, section 483, applies to this case which falls within its terms, and hence the court could have sentenced relator only during his probation period, and not later than June 30, 1928. We think the commitment of relator was made without power and the writ should be sustained and relator discharged.

The order should be reversed, the writ of habeas corpus sustained, and the relator discharged from the custody of the respondent.

MERRELL and TOWNLEY, JJ., concur; FINCH, P. J., and MARTIN, J., dissent and vote for affirmance.

MARTIN, J. (dissenting). The relator, Julius Spiegel, was convicted of the crime of forgery on June 23, 1926, in the Court of General Sessions, county of New York. On June 30, 1926, he received a suspended sentence and was paroled for two years. On October 22, 1927, he was again arrested charged with larceny. After a trial he was acquitted.

On November 10, 1927, upon the application of one of the probation officers attached to the court, which application set forth the arrest for larceny as a violation of relator's probation, a bench warrant was issued for the arrest of Spiegel.

On January 27, 1928, the petitioner was arraigned before the court for sentence upon the conviction for forgery because he had violated his parole. The court thereupon continued the probationary period for an additional three years. On November 19, 1929, the petitioner having failed to report since October 15, 1929, he having left the jurisdiction without permission, the court issued another bench warrant for his arrest. On October 23, 1931, the court revoked the order of January 27, 1928, and sentenced the petitioner to the penitentiary.

A writ of habeas corpus directed to the warden of the New York County Penitentiary was issued out of the Supreme Court on March 18, 1932, on behalf of the petitioner. On March 25, 1932, the writ was dismissed without prejudice, with leave to renew the application and hearing before another justice of the court. A second petition for a writ of habeas corpus on behalf of the petitioner was issued out of the Supreme Court on April 22, 1932, directing the respondent to produce the petitioner on April 25, 1932. After a hearing upon the petition, the court on May 20, 1932, entered an order dismissing the writ and remanding the petitioner to the penitentiary. It is from this order that the petitioner has appealed.

The question at issue is whether the Court of General Sessions, on October 23, 1931, had power to sentence petitioner to the penitentiary after the expiration date of the first probationary period.

Section 483 of the Code of Criminal Procedure provides, in subdivision 4 thereof, as follows: "At any time during the probationary term of a person convicted and released on probat on the court * * * may in its or his discretion, revoke and terminate such probation. Upon such revocation * * * the court or justice may impose sentence * * * in accordance with the provisions of section four hundred and seventy-a of the Code of Criminal Procedure."

Section 470-a of the Code of Criminal Procedure provides: " If, after a plea or verdict of guilty or after a verdict against the defendant upon a plea of former conviction or acquittal, sentence shall have been suspended, the court may impose any sentence or make any commitment which might have been imposed or made at the time of the conviction."

There can be no question that the court on June 30, 1926, could have sentenced the petitioner to a term in prison not to exceed ten years. On January 27, 1928, when the petitioner was arraigned for sentence on the charge of violating his parole, the judge in the Court of General Sessions, instead of sending him to prison, reminded petitioner that his conduct was bad and that he was " skating on rather thin ice " in his business dealings, and then continued his probation for three years in addition to the term of probation of two years which he fixed when he first suspended sentence on the petitioner.

On June 30, 1926, the court could have sent the prisoner to jail for a term not exceeding ten years, suspended sentence or placed petitioner on probation. The court suspended sentence and placed the prisoner on probation for two years. Thereafter, during any part of the ten-year term for which the prisoner might have been sent to jail, the court could revoke the previous disposition of the case and send the prisoner to jail for the remainder of the term. That is the practical course that has been followed in this case. The mere fact that the court first extended the period of probation in no way affects the result. The court revoked the suspended sentence, which it had a right to do at any time during the period for which the sentence had been originally suspended  In other words, a suspended sentence may be revoked at any time, the prisoner brought before the court and sentenced to prison. The maximum term that the petitioner may serve in the penitentiary is three years. In 1926 he could have been sentenced for ten

years in a State prison. The court, therefore, properly exercised its power in disposing of this case.

The fact that the prisoner was placed on probation did not deprive the court of the power to at any time revoke the order placing the prisoner on probation and sentence him to a jail term. The same is also true as to a suspended sentence. That also could be revoked and the petitioner sent to jail.

It follows that irrespective of the power of the court to extend the probationary period, because of a violation of parole, it also had power to sentence the petitioner during the longest term which he could have originally received.

In *People ex rel. Hubert* v. *Kaiser* (206 N. Y. 46) the court said: " The summary remedy of a writ of habeas corpus, which is open to every person detained in custody, that the legality of his detention may be inquired into, cannot perform the functions of an appeal from the judgment of conviction. The court, before which a prisoner is brought under the writ, will inquire into the question of jurisdiction and if it appears that the power existed to pronounce the judgment, the writ must be dismissed."

The order dismissing the writ of habeas corpus and remanding the petitioner to the New York County Penitentiary should be affirmed.

FINCH, P. J., concurs.

Order reversed, the writ of habeas corpus sustained and the relator discharged from custody of the respondent.