In the Matter of WALTER BUDD, Appellant, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Respondent.

Submitted April 26, 1940; decided July 24, 1940.

*George A. Rosen* for appellant. The respondent was without jurisdiction to make the order of November 26, 1937, dismissing the petitioner from the police force. (*Matter of Deth* v. *Castimone*, 245 App. Div. 156; *Matter of New York Telephone Co.* v. *Ferris*, 257 App. Div. 415; *Berkshire Life Ins. Co.* v. *Van Voorhis*, 245 App. Div. 592; *James* v. *Patten*, 6 N. Y. 9; *People ex rel. Spiegel* v. *McCann*, 236 App. Div. 146; *People ex rel. Paris* v. *Hunt*, 201 App. Div. 573; 234 N. Y. 558; *Matter of Dodd* v. *Martin*, 248 N. Y. 394.)

*William C. Chanler, Corporation Counsel* (*Stanley Buchsbaum* and *Henry J. Shields* of counsel), for respondent. The Police Commissioner, despite the lapse of time, did not lose jurisdiction to dismiss the petitioner upon the basis of the charges of which he had been found guilty after a trial. (*Escoe* v. *Zerbst*, 295 U. S. 490; *Matter of Roge* v. *Valentine*, 280 N. Y. 268; *People ex rel. Patterson* v. *Bockel*, 270 N. Y. 76; *People ex rel. Bickhofer* v. *Lawes*, 255 App. Div. 873; *People ex rel. Valiant* v. *Patton*, 221 N. Y. 409; *United States ex rel. Grossberg* v. *Mulligan*, 48 Fed. Rep. [2d] 93.)

CONWAY, J. The petitioner Walter Budd was appointed in 1926 as a patrolman in the Police Department of the city of New York. On August 26, 1936, he was brought up on a charge with eight specifications alleging " violation of rules and regulations, * * * neglect of duty and conduct prejudicial to good order and efficiency." On Sep-

tember 2, 1936, an additional charge with a single specification was preferred against him. A majority of the specifications in effect alleged violation of rule 230 of the police department which reads as follows:

" 230. A member of the Force shall promptly pay his just debts, and shall not incur liabilities which he is unable or unwilling to discharge."

Upon a trial before a Deputy Police Commissioner he was found guilty of a total of four specifications. The petitioner was then brought before the Police Commissioner who suspended judgment and placed him on probation for one year.

On November 26, 1937, *thirteen months and three days after the petitioner had been placed on probation,* the Police Commissioner recalled him and inquired as to the progress he was making in paying the debts as to which complaints had been made. At the close of the hearing the Commissioner dismissed the petitioner from the police force.

We are asked to determine whether the Police Commissioner exceeded his jurisdiction in imposing punishment after the expiration of the one-year period.

Section 302 of the Greater New York Charter (L. 1901, ch. 466, as amd. by L. 1915, ch. 310), which was in force and effect when the order of dismissal was made, provided as follows: " Upon having found a member of the force guilty of the charges preferred against him, either upon his plea of guilty or after trial, the police commissioner or the deputy examining, hearing and investigating the charges, may, in his discretion, suspend judgment and place the member of the force so found guilty upon probation, for a period not exceeding one year; and the police commissioner may impose punishment at any time during such period." The appellant argues that the words of the statute " and the police commissioner may impose punishment at any time during such period " must be construed in their ordinary meaning and as so construed, the statute restricts the Police Commissioner's power to dismiss to the probationary period. In this I think he is correct.

The rule of construction quoted in *Matter of New York Telephone Co.* v. *Ferris* (257 App. Div. 415, 419) is applicable. It reads as follows: " * * * The grammatical rule, which is also the legal rule in construing statutes, is that where general words occur at the end of a sentence, they refer to and qualify the whole; while, if they are in the middle of a sentence, and sensibly apply to a particular branch of it, they are not to be extended to that which follows (citing cases)." Moreover, the quoted section of the charter is not an isolated restriction or limitation, for the Legislature has explicitly prescribed limitations of such character in other probation statutes, the pertinent parts of which are as follows:

*Section 2188 of the Penal Law.*

" * * * The court may, at any time within the term of such defendant's probation and while such probation is in force * * * revoke the order suspending sentence or its execution and may impose such sentence or make such commitment as might have been made at the time of the conviction."

*Section 483 of the Code of Criminal Procedure, subdivision 4.*

" 4. At any time during the probationary term of a person convicted and released on probation the court * * * may in its or his discretion, revoke and terminate such probation. Upon such revocation and termination, the court * * * may impose sentence or order judgment * * *."

*Section 935 of the Code of Criminal Procedure.*

" Whenever within the period of probation any probationer shall violate his probation, the court may issue a warrant for his arrest * * *. On his being arraigned * * * the court may revoke, continue or modify his probation. If revoked, the court may impose any sentence it might have originally imposed."

In *People ex rel. Spiegel* v. *McCann* (236 App. Div. 146; affd., 261 N. Y. 606), subdivision 4 of section 483 of the Code of Criminal Procedure (*supra*) was construed. There it was said:

"Power to sentence a probationer is expressly limited to the confines of the probationary period. The Code of Criminal Procedure, section 483, subdivision 4, declares: 'At any time during the probationary term of a person convicted and released on probation the Court * * * may in its or his discretion, revoke and terminate such probation. Upon such revocation and termination, the Court or justice may impose sentence.'

"The time limit is as prescribed: 'At any time during the probationary term'" (p. 417).

The order of the Appellate Division should be reversed, with costs, and the determination of the Police Commissioner annulled.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Order reversed, etc.