## JOHN ARCHIBALD LAURIE, SR. *v.* STATE OF MARYLAND

[No. 359, September Term, 1975.]

*Decided January 2, 1976.*

The cause was argued before ORTH, C. J., and GILBERT and LOWE, JJ.

*Louis Peregoff, Assigned Public Defender,* for appellant.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *David Hugel, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

John Archibald Laurie, Sr. was convicted by a jury, presided over by Judge H. Kemp MacDaniel, of the assault of a detective and of hindering two detectives in the lawful performance of their duty. After exhaustively analyzing his reasons for leniency, notwithstanding a presentence report recommending incarceration, Judge MacDaniel imposed the sentence as follows:

> "For the reasons stated, I am going to fine Mr. Laurie on count one $100 and costs, and I am going to fine him on count two, which is unlawfully hindering the detectives in the performance of their duty, $100 and costs, and place him generally on probation with the understanding that he doesn't need supervision to the extent of appearing in front of a Probation Officer or anything of that nature."

Counsel for appellant asked:

> "What will be the period of probation?",

to which the judge replied:

> "General probation. I am not going to set a period. Normally I would sentence an individual to a year

in jail, place them on probation for two years, something of that nature. I am not doing it. The main thing I want a general probation for is just in the event Mr. Laurie gets involved in any other problems he can be brought back in. It will be more or less an unsupervised probation. He is not going to have to appear. He has to be interviewed and give some information to the Probation Officer. By the way, this Probation Officer is not the one who made the recommendation of sending him to jail. But any information he needs today, it will be a general probationary type of thing that in short order will be lifted.

MR. STEWART: Thank you, Your Honor.

THE COURT: All right. He will be given time, it can be worked out through the Probation Department, to pay the fine."

I

Appellant now argues that:

"PLACING APPELLANT UNDER 'PROBATION GENERALLY' AFTER SENTENCING HIM TO PAY A FINE OF TWO HUNDRED DOLLARS WAS IMPROPER AND A COMPLETE NULLITY."

His argument relies upon Costello v. State, 240 Md. 164, which held that "Maryland law authorizes probation only before verdict and upon the suspension of sentence," id. at 167, and Comm'r of Motor Vehicles v. Lee, 254 Md. 279 holding that the imposition of a fine upon plea or finding of guilt is inconsistent with the granting of probation before verdict.

Appellant loses sight of the fact that both Costello and Lee were decided before the Maryland General Assembly enacted a short but comprehensive delineation of a court's authority to suspend sentences or to grant probation after a verdict.

612

By Chapter 480 of the Acts of 1970, Md. Code, Art. 27, §
641A was adopted. It reads:

> "Upon entering a judgment of conviction, *the
> court* having jurisdiction, *may suspend the
> imposition or execution of sentence and place the
> defendant on probation* upon such terms and
> conditions as the courts deem proper. The court
> may impose a sentence for a specified period and
> provide that a lesser period be served in
> confinement, suspend the remainder of the
> sentence and grant probation for a period longer
> than the sentence but not in excess of five years.
>
> Probation may be granted whether the offense is
> punishable by fine or imprisonment or both. *If the
> offense is punishable by both fine and
> imprisonment, the court may impose a fine and
> place the defendant on probation as to the
> imprisonment.* Probation may be limited to one or
> more counts or indictments, but, in the absence of
> express limitation, shall extend to the entire
> sentence and judgment. The court may revoke or
> modify any condition of probation or may reduce
> the period of probation." (Emphasis added).

Clearly the court is authorized to "impose a fine and place
the defendant on probation as to the imprisonment." From
the first sentence of § 641A, it would appear that the court
may impose *and execute* [1] the fine but suspend imposition of
the imprisonment, predicating the latter suspension upon
terms of probation for a period "not in excess of five years."
Although the suspension of the imposition of a sentence was
recognized prior to the statute, *Skinker v. State,* 239 Md.
234, 238; the Court of Appeals has said that it is a better
practice to impose the penalty and then, if advisable,
suspend its execution upon probationary conditions. *Kelly v.
State,* 151 Md. 87, 100.

---

1. The distinction between imposition and execution of a sentence
recognized in Hite v. State, 198 Md. 602, 607 was not altered by the
enactment of Ch. 480, Acts of 1970.

The "general probation" given here obviously was not predicated upon the suspension of the fine imposed, since the court provided that the appellant "will be given time . . . to pay the fine." Nor did the court state that it was suspending the imposition of imprisonment, which it was expressly permitted to do by the statute, notwithstanding the imposition of a fine. To the contrary, the judge's explanation of his reasons for the sentence imposed precludes that intention. When explaining that had he tried the case without a jury:

> " . . . I would have still felt you were guilty but I would not have given you a record. I would have given you probation without verdict, given you a fine and forgotten about it. The fact that you chose a Jury trial and have been found guilty is not going to change my disposition of the case."

Even before that, the court described appellant as:

> " . . . not the kind of person who is going to repeat a crime and do something again. *He is not a person who needs a jail sentence.*" (Emphasis added).

In the absence of an express reservation or a clearly expressed intention to suspend imposition of imprisonment upon probationary terms when a sentencing judge imposes a pecuniary penalty to be paid, the bare addition of probation will not reserve the right to impose an imprisonment sentence if the terms of the probation are violated. When the fine is paid, revocation of probation is meaningless and the probationer can violate its terms with impunity. Thus, such probation is void in the absence of a reservation by the judge of his power to impose imprisonment if the terms of the probation are violated.

We further note that the trial judge failed to limit the probationary period to a term "not in excess of five years." In fact, when appellant asked:

> "What will be the period of probation? ",

the court replied;

> "General probation. I am not going to set a period. . . . it will be a general probationary type of thing that in short order will be lifted."

Although the question of an indefinite term is not raised by appellant, we hold that a probationer is entitled to know the maximum period of probationary living to which he must conform. An indefinite and open-ended "general probationary type of thing" does not comport with the legislative purpose implicit in the expressed five year restriction on probation, any more than a "general incarceration type of thing" would comply with the sentencing requirements for crimes which provide sentence "not in excess of five years." We think it is implicit in the language of § 641A that maximum terms to be served as a probationer must be as definitely described as are terms of imprisonment upon sentencing. *Cf. Hyman v. State,* 29 Md. App. 399, n. 2. Although probationary restrictions may be lessened or discontinued before the maximum is served, a defendant should not be left hanging as to the outside limits of his punishment, and a reviewing court should be assured that the five year limitation has not been violated.

That part of the sentence which we have found illegal is only the "general probation." We will, therefore, vacate that portion of the sentence which placed appellant on probation. The payment of the fine will fulfill the entire lawful penalty imposed by the court.

## II

Appellant next argues that the trial judge imposed a harsher sentence because appellant elected a jury trial than he would have, had appellant been tried without a jury. That argument just doesn't wash. The court explained that although he could not strike the jury verdict, he would impose only that which he might have done had he tried the case alone. He was explaining why the jury's verdict must stand, notwithstanding he might have granted probation before verdict. He also seemed to be explaining why he

rejected the admonitions of the prosecutor and presentence investigators that appellant should be incarcerated.

### III

None of appellant's pro se arguments, included in his brief as an "exposition of his trial," were preserved. The amendment to express the charge more specifically in statutory language was admitted only after the trial judge inquired and received appellant's reply that there was no objection.

> *Judgment affirmed.*
> *That portion of the sentence providing probation vacated.*
> *Costs to be paid by Baltimore County.*