562 P.2d 841

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James Benny BACA, Defendant-Appellant.**

**No. 2756.**

Court of Appeals of New Mexico.

March 22, 1977.

Lynn Pickard, Pickard & Singleton, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis P. Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant, on a plea of guilty, was given a one to five year suspended sentence on April 11, 1974 on the following conditions: (1) that he not violate any law or ordinance during the period of his probation; (2) that he enroll in and " * * * complete treatment to the satisfaction of the Surgeon General of the United States pursuant to the requirements of Title III, Narcotic Addict Rehabilitation Act of 1966 * * *." [See 42 U.S.C.A. 3401, et seq.]; (3) that if he leaves the program before treatment is

completed the sentence would be imposed. Defendant did not appeal this judgment and sentence. Defendant completed the treatment part of the program, and was discharged.

Subsequently, after notice and hearing, the trial court on June 17, 1975 revoked defendant's suspension on the grounds of a criminal conviction and sentenced defendant. Defendant did not appeal this revocation and sentencing.

On September 23, 1976 the trial court entered an order which reflected that at the June 17, 1975 hearing the state had been requested, but failed to prepare, an order for the purpose of correcting the April 11, 1974 order to include a provision for setting a term of probation pursuant to § 40A–29–17, N.M.S.A. 1953. The trial court then ordered that the April 11, 1974 sentence be corrected to provide for a three year probation period and that the order be entered "Nunc Pro Tunc June 17, 1975." It is this order that is appealed. We affirm.

Defendant contends that the April 11, 1974 sentence was a " * * * valid and definite sentence which suspended a term of imprisonment on condition * * * " and that the trial court " * * * was thereby rendered without jurisdiction to come back later, add a three year term of probation and subsequently revoke the probation so added." Defendant asserts that "[d]efendant was not specifically placed on probation. * * * " For the purposes of this opinion we assume but do not decide jurisdiction to entertain the appeal.

The April 11, 1974 order suspending the sentence provided in part:

"1. That the defendant, Bennie Baca not violate any law of the United States, the State of New Mexico, or any State in the United States or the ordinances of any municipality thereof *during the period of his probation*." (Emphasis ours)

However, the term of probation was not specified. Section 40A–29–17, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972) states:

" * * * *Placing defendant on probation.*—When a person has been convicted of a crime for which a sentence of imprisonment is authorized, and when the district court has deferred or suspended sentence, it shall order the defendant to be placed on probation for all or some portion of the period of deferment or suspension if the defendant is in need of supervision, guidance or direction that is feasible for the probation service to furnish; Provided, however, the total period of probation shall not exceed five [5] years."

What is the legal consequence of paragraph one of the court's order of April 11, 1974 which states " * * * during the period of his probation * * * " in light of § 40A–29–17, supra, which states that " * * * the total period of probation shall not exceed five [5] years"?

Defendant recognizes this issue and cites us to authority for the differing propositions that when no period is stated probation is for the maximum period set by statute (see *State v. Simpson,* 25 N.C.App. 176, 212 S.E.2d 566 (1975)) or when no period is stated, the probation is invalid and void (see *Laurie v. State,* 29 Md.App. 609, 349 A.2d 276 (1976)). But as defendant states neither of the cases state why either rule announced is selected or preferred.

Defendant argues that it appears from the orders and from the hearings, that " * * * everyone concerned intended that defendant's only sentence was to be that he should complete the drug program." We disagree because to so interpret the order would result in the omission of that part stating " * * * during the term of his probation." Defendant's argument would lead us to ascertain the trial court's intent. This we need not do. The answer is that when the trial court ordered " * * during the period of his probation * * " the statute mandated the full term for the reasons hereinafter stated.

We agree with the results reached in *State v. Simpson,* supra. We do so for specific reasons. Suspension or deferment of a sentence is not a matter of right but is an act of clemency. *State v. Serrano,* 76 N.M. 655, 417 P.2d 795 (1966). The broad

general purposes to be served by probation are education and rehabilitation. Probation assumes that the best interests of the public and the offender will be served. The conditions of probation are directed to that end. Probation assumes the offender can be rehabilitated without serving the suspended jail sentence. It is not meant to be painless. It has an inherent sting and the restrictions on the probationer's freedom are realistically punitive. *In Re Buehrer*, 50 N.J. 501, 236 A.2d 592 (1967).

Once the trial court determines that a defendant is a proper candidate for probation, it is limited by statute to the maximum period of five years. Given the foregoing we hold that when a defendant is placed on probation, without a fixed period being specified, then that period of probation is the maximum. We feel this is in accord with the purposes to be served by probation.

Accordingly, the trial court did not add to defendant's sentence as in *State v. Soria*, 82 N.M. 509, 484 P.2d 351 (Ct.App.1971). Instead it shortened defendant's probation. This is not prohibited. The trial court had jurisdiction to reduce the term of probation.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.