166 N.J. Super. 435 (1979)
400 A.2d 74
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDREW MONACO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1979.
Decided March 2, 1979.
*437 Before Judges MATTHEWS and MILMED.
Mr. H. Richard Chattman, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Chattman on the letter brief).
Mr. Edwin H. Stern, Deputy Attorney General, Division of Criminal Justice, Department of Law and Public Safety, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Larry R. Etzweiler, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by MILMED, J.A.D.
On this appeal defendant complains of portions of certain of the sentences imposed upon him following his retraxit pleas of guilty to ten counts of breaking and entering with intent to steal (N.J.S.A. 2A:94-1) and nine counts of larceny of property having a value in excess of $500 (N.J.S.A. 2A:119-2).[1] In the letter brief submitted on defendant's behalf, counsel points out that:
On May 6, 1977, Judge Egan sentenced defendant, on the first count of Indictment No. 200-76-S, for breaking and entering, to an indeterminate term at the Youth Correctional Institution Complex, and on the second count for larceny, to a consecutive but *438 suspended State Prison term of three to five years, with a consecutive five year probationary period conditioned on completion of an eighteen month in-patient drug rehabilitation program at Integrity House or a similar facility. * * * On the first count of Indictment 202-76-S, charging breaking and entering, defendant was sentenced to a consecutive but suspended State Prison term of two to three years, and a consecutive five year probationary term, conditioned on completion of an in-patient drug treatment program, was imposed. * * * On each of the eight remaining counts of larceny, defendant was sentenced to a consecutive but suspended State Prison term of three to five years, and on each of the eight remaining counts for breaking and entering, consecutive but suspended State Prison terms of two to three years were imposed. * * * On each one of these sixteen suspended sentences, a concurrent five year probationary period, on the same condition previously specified, was imposed. * * *
On June 24, 1977, at the conclusion of a hearing on defendant's motion for a reduction or modification of the sentence, the motion was denied by Judge Egan. * * *[2]
* * * * * * * *
On March 31, 1978, defendant was paroled from the indeterminate term at the Youth Complex. By an order entered in June, 1978, and pursuant to R. 2:9-3(c), Judge Egan granted defendant's motion to stay, pending the outcome of this appeal, the operation of the special condition of defendant's probation which requires him to attend an in-patient drug treatment program.[3]
Defendant argues that:
(1) the second, consecutive five year probationary period is illegal and excessive; and (2) the in-patient drug treatment program, made a condition of the probationary periods, is unreasonable, unwarranted and inappropriate.
We disagree. From our review of the record submitted on the appeal we are satisfied that, in the circumstances, the *439 trial judge properly imposed the second consecutive five-year period of probation as well as the special condition of probation, viz., that defendant complete an inpatient drug rehabilitation program.
After imposing the sentences the trial judge, addressing defendant, noted:
To sum it up, Mr. Monaco, the [e]ffect of this sentence is basically I think one, to give you the opportunity to fish or cut bait from here on in for a long string of B & Es. Your cooperation has gained you what I think is great consideration, and that is, that in effect you will be serving a relatively minimal term in custody for these offenses so long as you become drug free, so long as you remain free of any further problems or violations of probation, because the [e]ffect of it is that unless you get in trouble again, unless you are uncooperative with probation, unless you go back to drugs, then all you have to serve is the indeterminate sentence in Yardville.
On the other hand, if you are unable to kick the drug habit, if you do not complete the program at Integrity House after getting out of Yardville, if you get into any more trouble, what is hanging over your head, and if I have anything to do with it, what will be imposed is sentences, if my arithmetic is correct and at this point I can't guarantee it, of consecutive sentences of not less than 45 nor more than 75 years. For all practical purposes, the key to the jail in the future is in your hands. The reason for the sentences that will be incorporated in the judgment of conviction is that the sheer magnitude of all these offenses just about staggers the imagination. They're clearly the result of drug addiction which did grow in fact beyond your control.
A custodial term, however, is needed immediately, not after Integrity House. It is needed immediately to deter you and anyone else who may be similarly inclined to let you and anyone else see what lies ahead if they violate probation, namely, that is, that the balance of the suspended sentence will have to be served.
Long probation, and I've made it long, with inpatient drug treatment is intended to [e]ffect rehabilitation for you. And frankly, despite the fact that you've been a pretty bad actor, nothing would make me happier than to think you can go from that hundred dollars a day habit down to zero and that you would never touch any kind of narcotic, and for that matter any kind of drug up to and including alcohol for the rest of your life, and there's no reason in the world why if you set your mind to it you can't do it.
*440 N.J.S.A. 2A:168-1 provides, in pertinent part, that
When it shall appear that the best interests of the public as well as of the defendant will be subserved thereby, the courts of this state having jurisdiction over criminal or quasi-criminal actions shall have power, after conviction or after a plea of guilty or non vult for any crime or offense, except those hereinafter described,[4] to suspend the imposition or execution of sentence, and also to place the defendant on probation under the supervision of the chief probation officer of the county, for a period of not less than 1 year nor more than 5 years. [Emphasis supplied]
Clearly, the statute speaks of sentencing "for any crime or offense," i.e., for any single crime or offense. In sentencing, each crime is to be considered separately. The trial judge is required to specify the term imposed for each offense and whether such terms are to run concurrently or consecutively. State v. Quatro, 44 N.J. Super. 120, 128 (App. Div. 1957), cert. den. 355 U.S. 850, 78 S.Ct. 73, 2 L.Ed.2d 60 (1957). And, the observation of this court in regard to consecutive reformatory sentences, see State v. Horton, 45 N.J. Super. 44, 48 (App. Div. 1957), is equally applicable here. The statute before us contains no restrictive provision against consecutive terms of probation. Had the Legislature so intended, it could have explicitly so provided. Beyond this, we find nothing in the imposition of the consecutive terms of probation repugnant to the legislative policy of rehabilitation implicit in the statute. See Adamo v. McCorkle, 13 N.J. 561, 563 (1953), rev'g 26 N.J. Super. 562 (App. Div. 1953), cert. den. 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1080 (1954). We particularly note that if at any time the sentencing court in its discretion determines that defendant's conduct and the circumstances so warrant, it may, pursuant to N.J.S.A. 2A:168-4, discharge him from probation. We discern no merit in defendant's claim *441 that the second consecutive period of probation "is illegal and in violation of N.J.S.A. 2A:168-1."
Defendant maintains that
If some form of drug treatment, to follow release from the indeterminate term, was deemed necessary at the time of sentencing, an out-patient program would have been the only appropriate special condition of probation to impose at that time.
He accordingly asks that we change the special condition of probation "to an out-patient program." In support of his request he points to a report of his progress at the Wharton Tract Unit, a treatment program of the Youth Reception and Correction Center, which contains the following recommendation:
It is the feeling of the Wharton Tract Unit Staff tha[t] an out-patient drug program would be more appropriate than an in-patient at this time due to Andrew's eight months of therapy and progress in the Wharton Tract Program.
Any application for modification of the special condition of probation should properly be made in the first instance to the sentencing court, see N.J.S.A. 2A:168-2, which may, if it deems necessary, hear testimony relevant to defendant's contention.
In view of the nature of the offenses and the information set forth in the transcripts of the plea and sentencing proceedings, the transcript of the June 24, 1977 hearing on defendant's motion for reduction or modification of sentence, and the presentence report, we are satisfied that the trial judge did not mistakenly exercise his discretion in imposing the sentences which he did in this case, or in denying the motion for reduction or modification of sentence.
Affirmed.
NOTES
[1] Contained in ten indictments. In regard to these guilty pleas, the State agreed that at sentencing it would inform the court of defendant's cooperation in the investigation and prosecution of the charges concerned and the investigation and prosecution of various other charges of breaking and entering and larceny. Pursuant to a plea bargain in regard to defendant's pleas of guilty to the charges against him in eight of the indictments, the State agreed to recommend dismissal of other charges against him for breaking and entering and larceny contained in twenty-seven additional indictments.
[2] On October 13, 1977 this court granted defendant's motion for leave to file a notice of appeal from this determination, nunc pro tunc.
[3] We note that the relevant judgments of conviction do not specify any particular duration for the in-patient drug rehabilitation program.
[4] Not here pertinent.