# ARTHUR KUPFER *v.* STATE OF MARYLAND

[No. 161, September Term, 1979.]

*Decided May 22, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Ray E. Stokes, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The central issue in this case is whether probation may be extended beyond the five-year maximum probationary period prescribed by Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 641A, which provides in pertinent part:

> "Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deem proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years."

Appellant Arthur Kupfer was convicted of forgery and larceny after trust in the Criminal Court of Baltimore and sentenced to two concurrent four-year terms of imprisonment. On November 16, 1971, the court suspended his sentence and placed him on probation for five years. Under the terms of his probation, Kupfer was required to make restitution in the amount of $3,000. On November 8, 1976 — one week before the termination of Kupfer's probationary period — the court, with Kupfer's written consent, extended his probation until November 16, 1981, five years beyond the statutory maximum. On August 26, 1977 a warrant was issued for Kupfer's arrest for violating the terms of his probation. After several continuances, a hearing on the alleged violation was held on July 24, 1979. Kupfer moved to dismiss on the basis that the five-year maximum probationary period had elapsed. The State argued that Kupfer's consent to the extension constituted a waiver of the maximum term of probation. The court agreed with the State's position and denied the motion to dismiss;

it subsequently found Kupfer guilty of violating his probation and ordered that his probation be continued under a new schedule of payments.

Kupfer appealed, contending that once the maximum five-year probationary period authorized by the statute had expired, the court was without authority to extend it, with or without his consent.[1] The State claims that the order continuing Kupfer's probation was not a final judgment which settled or concluded his rights and thus cannot be appealed. Assuming appealability, the State asserts that Kupfer's consent to the additional probationary term estops him from challenging the validity of the extension.

## (1)

Appellate jurisdiction in both criminal and civil causes is generally dependent upon a statutory grant of power. *Estep v. Estep,* 285 Md. 416, 422, 404 A.2d 1040 (1979); *Smith v. Taylor,* 285 Md. 143, 146, 400 A.2d 1130 (1979); *Warren v. State,* 281 Md. 179, 182, 377 A.2d 1169 (1977). Maryland Code (1974, 1976 Repl. Vol.) § 12-301 of the Courts and Judicial Proceedings Article provides that

> "a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."[2]

We have held consistently that an order revoking probation and reinstating a previously suspended sentence

---

1. We granted certiorari prior to consideration of the appeal by the Court of Special Appeals.

2. Section 12-101(f) of the Courts Article defines a "[f]inal judgment" to mean "a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to· appeal, or petition for certiorari may be taken."

is a final and appealable judgment. *Burch v. State,* 278 Md. 426, 428-29, 365 A.2d 577 (1976); *Skinker v. State,* 239 Md. 234, 235-36, 210 A.2d 716 (1965); *Coleman v. State,* 231 Md. 220, 222, 189 A.2d 616 (1963); *Swan v. State,* 200 Md. 420, 425-26, 90 A.2d 690 (1952). The fact that Kupfer's probation was modified and continued, rather than revoked, does not deprive us of jurisdiction to hear this appeal. The judgment from which Kupfer is appealing is the very finding that he did in fact violate the terms of his probation. *See Swan v. State, supra,* 200 Md. at 425. This determination is both final and appealable. Neither the sanction which Kupfer received for violating probation, or the fact that he consented to the extension, has any effect on the finality of this judgment.[3]

## (2)

Section 641A provides, in clear and unambiguous language, that the aggregate period of probation which a court may impose upon entering a judgment of conviction cannot exceed five years. The court's authority to suspend the execution of sentence and to place a defendant on probation derives directly from the statute which strictly delineates its power in this respect. *See State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974). In other words, in specifying that the court may grant probation for a period of time longer than the sentence which it imposed "but not in excess of five years," the legislature placed a definite limit on the maximum period of probation which a defendant may

---

3. This conclusion is consistent with our holding in Warren v. State, *supra.* In that case, we said that an order for probation without judgment was not a disposition from which a defendant could appeal. Our holding was based on the fact that no judgment of guilt of the underlying crime is entered under Code (1957, 1976 Repl. Vol.) Art. 27, § 292 (b) unless the defendant violates a condition of his probation. We said, 281 Md. at 185:

"As a consequence, even assuming arguendo that the determination of guilt is a 'final judgment' for purposes of § 12-401 [governing appeals from District Court], that judgment is not entered in a § 292 (b) disposition and is thus not appealable.

"Moreover, in our view it is not the finding of guilt, but rather a subsequent event — either the successful completion of the probationary period or the revocation of probation — which actually settles the rights of the parties."

be compelled to undergo. The statute provides for no exceptions or extensions of this period. Thus, when the trial court extended appellant's probation beyond the five-year maximum period, it was acting beyond the statutory power granted to it. That Kupfer consented to the extension in no way validated the court's action for the statutory maximum probationary period may not be enlarged by assent. The Court of Special Appeals so indicated in *Laurie v. State,* 29 Md. App. 609, 349 A.2d 276 (1976). Other jurisdictions are in accord. *See, e.g., State v. Duncan,* 15 Or. App. 101, 514 P.2d 1367 (1973).

*Judgment reversed, with costs.*