489 A.2d 64

**Frederick A. CHRISTIAN**

**v.**

**STATE of Maryland.**

**No. 892, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

March 14, 1985.

Bradford C. Peabody, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Nicolette H. Prevost, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Sarah Reeder, Asst. State's Atty. for Baltimore City, Baltimore, on the brief) for appellee.

Submitted before ADKINS, ALPERT and KARWACKI, JJ.

ADKINS, Judge.

■ This appeal requires us to decide whether a trial judge who suspends the execution of a sentence and places the defendant on probation may impose, by subsequent extensions of the probationary period, a total probationary term in excess of five years. On the facts of the present case, we hold this to be impermissible. We reverse the judgment below.

On May 24, 1978, the Criminal Court of Baltimore found appellant, Frederick A. Christian, guilty of being a rogue and a vagabond. It sentenced him to three years of incarceration, suspended in favor of three years of supervised probation. Two of the conditions of that probation were that Christian "[o]bey all laws" and that he "not illegally possess" narcotic drugs.

In October 1980, well within the three-year probationary period, Christian was charged with violation of those two conditions. He had been convicted of a traffic offense and of possession of marijuana. On January 29, 1981, the court found him guilty of violation of probation. The docket entries for that date show:

Probation extended

Judgment: Three Years (3) yrs. C/O Commissioner of Correction Sentence Suspended. Three Years (3) yrs. until 4–23–84 C/O Division Parole and Probation, pay costs by 3–29–81. . . .

Another charge of violation of probation was filed in September 1982—beyond the expiration of the initial probation term, but within the term as extended to April 23, 1984. This time the allegations were that Christian had been

arrested on charges of contempt of court, a narcotics violation, and telephone misuse. At a hearing on October 5, according to the docket, Christian was found guilty of violation of probation. His probation was "continued and extended for One Years [sic] . . ."—presumably to April 23, 1985.

The final chapter began on June 5, 1984—beyond the extended probation period imposed in 1981, but within the extension ordered in 1982. This time, it was alleged, Christian had been convicted of unauthorized use and arrested for grand theft and daytime breaking. There was a hearing on July 6. The court once again found Christian guilty of violation of probation. Its patience finally exhausted, it sentenced him to three years' imprisonment.

■ Christian now asserts, as he did below, that his probation period of almost seven years was illegal because it exceeded the five-year maximum period established by Maryland Code, Art. 27, § 641A(a).[1] If he is correct, as we think he is, the basis for the July 6 sentencing is eliminated, because he committed the offenses that triggered that sentencing after the termination of his probation by operation of law. A suspended sentence may not be reinstated for an act that occurs after the termination of probation. *See State v. Miller*, 289 Md. 443, 424 A.2d 1109 (1981); *State v. Berry*, 287 Md. 491, 413 A.2d 557 (1980); and *Costello v. State*, 240 Md. 164, 213 A.2d 739 (1965). In explaining why Christian was no longer on probation when he committed the offenses that produced the reinstitution of his sentence, we shall commence with an historical analysis of the pertinent statutes.

I. *Legislative History of Art. 27, §§ 641A (a) and 642*

A court's authority "to suspend the execution of a sentence and to place a defendant on probation derives directly

---

**1.** He also argues that he was improperly denied allocution at the July 6, 1984, hearing. Because we agree with his contention as to the illegality of the probation period, we do not reach the allocution contention.

from the statute which strictly delineates its power in this respect." *Kupfer v. State,* 287 Md. 540, 543, 414 A.2d 907 (1980). "[T]he statute" to which the Court of Appeals referred in *Kupfer,* and one of the ones before us here, is what is now Art. 27, § 641A (a), which, when first enacted by Ch. 480, Laws of 1970, provided in pertinent part:

Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts [*sic*] deem proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence *but not in excess of five years.* [emphasis supplied].

Prior to the enactment of this statute, there was no statutory limit to the duration of probation. *Oliver v. State,* 59 Md.App. 383, 388 n. 3, 475 A.2d 1230, *cert. granted,* 301 Md. 249 (1984). The statute introduced the concept of a five-year maximum period of probation so that no term of probation longer than five years could be imposed. *Laurie v. State,* 29 Md.App. 609, 349 A.2d 276 (1976). Nor could the period of probation be extended beyond five years. *Kupfer,* 287 Md. at 544, 414 A.2d 907.

Closely related to § 641A is § 642, the statute that prescribes procedure upon a violation of conditions of probation. In 1970, § 642 provided:

Whenever any person shall have been convicted of any offense in any of the courts of record, of this State, having criminal jurisdiction, and the judge presiding therein shall not have imposed sentence or shall have suspended sentence generally or for a definite time or shall have placed the offender upon probation, or shall have made such other order and imposed such other terms as he may deem proper, and said person should at any time thereafter be brought before the court to be sentenced upon the original charge of his conviction, or for a violation of the terms and conditions of the order of

probation in the case, the judge who may then be presiding in that particular court may proceed to sentence the said person.

Under § 642, when a person was found in violation of probation imposed after suspension of execution of all or a part of the sentence, the original sentence had to be reinstated upon revocation of probation. *Coleman v. State*, 231 Md. 220, 189 A.2d 616 (1963); *Smith v. State*, 11 Md.App. 317, 273 A.2d 626 (1971). A lesser punishment could not be imposed; for example, credit for time spent on probation was not allowed. *Magrogan v. Warden, Maryland House of Correction*, 16 Md.App. 675, 299 A.2d 460 (1973).[2]

■ These rather inflexible rules became the subject of legislative modification. By Ch. 626, Laws of 1978, § 642 was amended to permit the court, upon revocation of probation, "to proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence *or any portion thereof*" [emphasis supplied]. By Ch. 398, Laws of 1981, § 641A (a) was amended to permit a court to grant probation "in excess of 5 years" with the defendant's written consent, "but only for purposes of making restitution." And by Ch. 293, Laws of 1981, § 642 was amended by adding the present last sentence: *"The sentence* [following revocation of probation] *may be suspended in whole or in part and the offender may be placed on further probation on the terms and conditions the judge deems proper but no term of probation may exceed the maximum prescribed by § 641A of* this article" [emphasis supplied].[3] Both of the 1981 amendments took effect July 1, 1981.

---

**2.** Of course, the punishment could not be increased. *Smitley v. State,* 61 Md.App. 477, 487 A.2d 315 (1985); *Williams v. State,* 45 Md.App. 596, 414 A.2d 254 (1980).

**3.** An increase in the period of probation, following revocation, is not an impermissible increase in sentencing so long as the total period of probation does not exceed five years. *Brown v. State,* 62 Md.App. 74, 488 A.2d 502 (1985).

## II. *Interpretation of Sections 641A (a) and 642 After the 1981 Amendments*

 Sections 641A (a) and 642, as they stand presently, may be read in at least two different ways. Putting aside, for the moment, probation extensions for the purpose of restitution (as we have noted, restitution is not involved here) those two readings are:

1. An original term of probation may not exceed five years. Upon revocation of probation, however, the court may place the offender on further probation for an additional period which itself may not exceed five years.

2. An original term of probation may not exceed five years. Upon revocation of probation, however, the court may place the offender on further probation, but the total period of all probation may not exceed five years.

Because the statutes are ambiguous, we must determine the legislative intent by considering "the subject matter of the statute[s], the purpose underlying [their] enactment and the object sought to be accomplished." *Berry,* 287 Md. at 496, 413 A.2d 557.[4] In addition, we "should consider the consequences which may flow from one interpretation than another and adopt the construction which is in harmony with the general scheme of the enactment and one which will assist in effectuating the legislative purpose." *Id.* And because §§ 641A and 642 are *in pari materia,* we must construe them "harmoniously if that is possible, giv-

---

4. We have suggested that legislative intent may sometimes be chimerical. *Firestone Tire & Rubber Co. v. Cannon,* 53 Md.App. 206, 118, 452 A.2d 192 (1982), *aff'd per curiam,* 295 Md. 428, 456 A.2d 930 (1983). It has been argued that the search for this "intent" should be abandoned in favor of a more forthright approach to statutory construction. Sykes, *A Modest Proposal for a Change in Maryland's Status Quo,* 43 Md.L.Rev. 647, 667 (1984). In that article, Mr. Sykes urges the Court of Appeals to eschew the traditional tenets of statutory construction and to "tell every other court in the state to do the same." *Id.* at 666. The Court of Appeals has not yet done this, so we are constrained to follow and to attempt to apply the rules as they now exist. Had we applied Mr. Sykes's proposed method ("[s]tatutory construction is a matter of analysis and judgment in each case"), *id.,* the result we here reach would not be different.

ing effect to the provisions of each." *Turner v. State,* 61 Md.App. 1, 8, 484 A.2d 641 (1984).

As we have observed, the last sentence of § 642—"The sentence may be suspended in whole or in part and the offender placed on further probation on the terms and conditions the judge deems proper but no term of probation may exceed the maximum prescribed by § 641A of this article"—was added by Ch. 293, Laws of 1981. The measure was introduced at the request of the Maryland Judicial Conference. It was adopted in precisely the form proposed by the Conference. Neither Conference records, however, nor those of the legislative committees that handled the bill, shed any light on what was intended by the phrase "but no term of probation may exceed the maximum prescribed by § 641A...." The files suggest that the primary purpose of the proposal was to moderate the inflexibility of case law prohibiting imposition of further probation after revocation of an earlier term of probation. The purpose clause of the bill's title advises only that the amendment was intended to establish "that a judge ... may, upon a finding of probation violation, sentence the violator to a period of incarceration plus a period of probation." In our attempt to define the precise limits of that "period of probation" we must turn to a more general consideration of the nature and purpose of probation.

Probation is designed to serve both society and the offender. *Roberts v. U.S.,* 320 U.S. 264, 273, 64 S.Ct. 113, 118, 88 L.Ed. 41 (1943) (Frankfurter, J., dissenting). It provides a period of grace "to aid in the rehabilitation of a penitent offender...." *Burns v. U.S.,* 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932). Its chief purpose is "to promote the reformation and rehabilitation of the criminal...." Note: "Legal Aspects of Probation Revocation" 59 Col.L.Rev. 311, 312 (1959). Viewed from the offender's perspective, these purposes may be achieved by any length of probation, so long as the court believes an extended period may assist in rehabilitation.

Authorities suggest, however, that rehabilitation is not necessarily achieved by very lengthy terms of probation. If rehabilitation is to occur, it is thought that it will do so within a relatively short period of time. *See, e.g.,* National Commission on Reform of Federal Criminal Laws, Final Report, § 3105 comment at 282 (1971). *See also,* ABA Standards Relating to Sentencing Alternatives and Procedures § 2.3(b)(ii). The undesirability of indeterminate probation also has been noted. *See, e.g., Laurie,* 29 Md.App. at 614, 349 A.2d 276. Thus, many statutes like Maryland's, fix some maximum period of probation. Typical is 18 U.S.C. § 3651 which provide, in pertinent part, "[t]he period of probation, together with any extension thereof, shall not exceed five years." Cases construing such statutes reject consecutive periods of probation or extensions of probation that go beyond the five-year maximum. *Fox v. United States,* 354 F.2d 752 (10th Cir.1965), *Gonzales v. State,* 608 P.2d 23 (Alaska 1980), *State v. Baca,* 90 N.M. 280, 562 P.2d 841 (App.1977), *People v. Wakefield,* 46 Mich.App. 97, 207 N.W.2d 461 (1973). *And see People ex rel. Spiegel v. McCann,* 236 A.D. 146, 258 N.Y.S. 324 (N.Y.App.1932), *aff'd per curiam,* 261 N.Y. 606, 185 N.E. 758 (1933). *But see State v. Monaco,* 166 N.J.Super. 435, 400 A.2d 74 (App.1979). In *Oliver v. State, supra,* we noted the similarity of Art. 27, § 641A to 18 U.S.C. § 3651 and held that consecutive periods of probation exceeding five years in the aggregate are not permitted.

We may take it, therefore, that rehabilitation is an important aspect of probation, but that unlimited periods of probation are not necessarily desirable to achieve that purpose. The latter proposition is clearly reflected in the policy behind the five-year general maximum contained in § 641A (a). But is that policy inconsistent with the first alternative statutory interpretation we suggest at page 303, *supra* —the interpretation that would permit the imposition of successive periods of probation, so long as no single period exceeded five years? We believe it is.

■ That interpretation would permit, in effect, lifetime probation or probation of indefinite duration. It would do so because a judge, upon each revocation of probation, could impose a new probationary term of up to five years, *ad infinitum.* That is precisely the sort of thing we said § 641A (a) does not permit. *Oliver* and *Laurie*, both *supra.* Consistent with the Maryland concept of limited probation, we hold that the 1981 amendment to § 642 was not intended to change this policy by authorizing indefinite probation. We conclude that the phrase "but no term of probation may exceed the maximum prescribed by § 641A" means that the total probation period, including the original term and any new probation imposed after revocation pursuant to § 642, may not exceed five years in the aggregate, except where the probation is for purposes of restitution.[5]

Our conclusion is reinforced by other language of the Maryland statutes. Section 641A (b), for example, instructs that "[t]he court may, revoke or modify any condition of probation or may *reduce* the period of probation" [emphasis supplied]. It is silent as to any authority to *increase* that period. The only express authority for increase of probation beyond the five-year maximum is the last sentence of § 641A (a) which, as we have seen, was added to the law at the same legislative session that supplied the last sentence of § 642. The last sentence of § 641A (a) is deliberately narrow in scope. It permits an extension beyond five years *only* upon the written consent of the defendant and *only* "for purposes of making restitution." It is significant, we think, that the same legislature that permitted the limited restitution extension of § 641A (a) did not suggest the possibility of any such extension beyond the five-year maximum when it amended § 642.

---

5. Because the issue is not before us, we do not consider what effect an offender's conduct may have on tolling the period of probation. Tolling, if recognized, may produce a chronological period of probation in excess of the statutory maximum. *United States v. Workman,* 617 F.2d 48 (4th Cir.1980); *State v. Washa,* 185 Neb. 639, 177 N.W.2d 740 (Neb.1970).

The restitution provision, moreover, is an expression of a legislative policy different from that relating to probation in general. The general probation policy is a humane one of rehabilitation, looking to the interests of both the offender and of society in general. Restitution may share these aspects of probation, but it has another very important one: redress for the victim of a crime. *See Smitley, supra.* In the context of that concept, extension of probation for purposes of restitution makes sense. Extension of probation beyond the five-year maximum is not consistent with the policy underlying the other aspects of probation. Thus, it is understandable that the General Assembly strictly limited extensions of probation beyond five years to the restitution situation. That reading produces a harmonious interpretation of §§ 641A and 642, as well as an interpretation of the statutes that supports the underlying purposes of probation.[6]

We adopt, therefore, our second alternative reading of these provisions; see page 303, *supra.* In doing so, we recognize that this result may be inconsistent with *dicta* in *Oliver v. State, supra.* While that case dealt primarily with the impermissibility of consecutive periods of probation that exceeded five years in the aggregate, the case of one of the several appellants there did not involve consecutive probation. That appellant, Danny Lee Oliver, was sentenced to consecutive incarceration on several counts, for a total of thirteen years. The trial court suspended execution of the sentences in favor of five years' probation. Later, Oliver was found guilty of violation of probation. The thirteen year sentences were reinstated; three years were suspended; Oliver was placed on additional probation.

---

**6.** It is worth noting that Art. 27, § 643A limits District Court probation to a general maximum period of three years. The legislature has resisted efforts to increase the maximum. For example, Ch. 432, Laws of 1984, amended § 643A to permit a District Court judge to impose probation for more than five years for the purpose of making restitution. The same measure rejected an attempt to increase the general District Court probation period from three years to five.

On appeal, Oliver argued that the additional probation was for ten years and thus illegal. We found the record unclear as to whether ten years' or five years' new probation had been imposed. Our holding was that Oliver, by failing to object below, had failed to preserve the issue. 59 Md.App. at 391, 475 A.2d 1230. But we went on to remark that "[a] reading of the probationary sentences imposed, however, does not necessarily lead to the conclusion that the judge extended the probationary period beyond the five-year maximum." *Id.* Thus, we suggested that a second five-year period of probation, imposed after revocation of an initial five-year probation, was not improper.

In *Oliver,* we did not discuss the relationship between §§ 641A and 642. An examination of the briefs in that case reveals that no one argued whether such an extension was permitted under the last sentence of § 642. Oliver contended that the second period of probation was for *ten* years, and, therefore, clearly in violation of § 642 because it exceeded "the maximum prescribed by § 641A...." The State's response, with which we agreed, was that the point was not preserved. The *Oliver* panel did not consider the matters we have discussed in this opinion. To the extent the *dicta* at 59 Md.App. 391, 475 A.2d 1230 are inconsistent with what we now hold, they are rejected.

We are aware, too, that it may be argued that our interpretation of §§ 641A (a) and 642 will lead to harsh and even undesirable results. Put the case of a probationer who has completed four years and eleven months of probation without incident. In the twelfth month he commits some relatively minor violation of probation. Under these circumstances, would it not be better policy for the court to continue him on probation for an additional period, perhaps for six months or a year, rather than to revoke his probation and reinstate the suspended sentence? Would not that alternative better serve the interests of both the offender and society? Our holding in this case is that it was legislative intent to reject this alternative. The argument supporting the alternative is unsound because it fails to take into

account the variety of other measures available to a judge when probation has been violated.

Even when conditions of probation have been violated "the question whether to revoke probation is a matter within the discretion of the trial court." *Humphrey v. State*, 290 Md. 164, 168, 428 A.2d 440 (1981). Indeed, under some circumstances, a technical violation may be so trivial that revocation of probation is itself an abuse of discretion. *Swan v. State*, 200 Md. 420, 90 A.2d 690 (1952). And when non-compliance with conditions is caused by factors beyond the probationer's control, revocation is impermissible. *Coles v. State*, 290 Md. 296, 429 A.2d 1029 (1981). Even when revocation is both permissible and appropriate, the court is not bound to reinstitute the entire suspended sentence, or the maximum sentence authorized by law, if imposition (rather than execution) of sentence was suspended originally. He may sentence the probationer "to serve the period of imprisonment prescribed in the original sentence *or any portion thereof,* or if no sentence was imposed, any sentence provided by law for the crime for which the person was originally convicted." [emphasis supplied]. Section 642. He may also prescribe additional probation, within the five-year maximum. These statutory provisions provide ample flexibility to tailor the disposition of revocation to the ends of justice. *See Smitley, supra.* But legislative policy requires that this tailoring be accomplished subject to the restriction that the aggregate period of probation may not exceed five years, except where restitution probation is involved.

## III. *Resolution of the Present Case*

Returning now to the facts before us, we observe that the 1981 amendment to § 642, which first authorized imposition of new probation after revocation, was not in effect on January 29, 1981, when the trial court first increased the

length of Christian's probation.[7] Even if the trial court had power to extend Christian's probation five years to May 1983, a question we do not here decide, its purported extension of that term to either October 1983 or May 1985 was illegal because it attempted to keep Christian on probation for more than five years from the initial probation in May 1978. The violations that caused Christian's eventual imprisonment all occurred in 1984, after Christian's probation had terminated by operation of law. Thus, those violations could not be the basis for a valid revocation of probation. *State v. Miller, supra.* As a consequence, the court was without power to revoke probation and reinstitute the suspended sentence.

JUDGMENT REVERSED. MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS.

---

7. *Kupfer, supra,* could be read as prohibiting any extension of probation absent statutory authority. The actual holding, however, was that the statute permitted no extensions of the maximum five-year period; since the original term of probation imposed in Kupfer was the five-year maximum, the question of the extension of a lesser period of probation to that maximum, was not addressed. Nor was it addressed in *Laurie, supra,* which struck down an indeterminate period of probation.