# COSTELLO *v.* STATE

[No. 420, September Term, 1964.]

*Decided October 13, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, MARBURY, OPPENHEIMER and BARNES, JJ.

*John T. Bell*, with whom were *Bell & Bell* and *Charles W. Bell* on the brief, for appellant.

*Thomas P. Perkins, III, Assistant Attorney General*, with whom were *Thomas B. Finan, Attorney General, Stuart H. Rome, Assistant Attorney General, Leonard T. Kardy, State's Attorney for Montgomery County*, and *Judson R. Wood, Assistant State's Attorney for Montgomery County*, on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Walter L. Costello, was tried and convicted in the People's Court of Montgomery County for operating a motor vehicle in excess of seventy miles per hour, which is violative of Code (1957), Article 66½, Section 211 (g), and for operating a motor vehicle on a revoked permit, second offense, which contravenes Section 112 of the same Article. He appealed the two convictions to the Circuit Court for Montgomery County, and therein these cases became Criminal Nos. 6022 and 6023, respectively. On April 13, 1964, in a trial de novo before Judge Shure, Costello entered pleas of guilty in both cases and was sentenced on April 17, 1964, as follows:

"Docket Entries     'That the Traverser, Walter Lee Costello,
Criminal 6022      be confined in the Montgomery County Jail
                   for a period of Thirty (30) days, at release
                   from Jail Traverser be placed on probation
                   for Two (2) years.'

"Docket Entries  'That the Traverser, Walter Lee Costello,
Criminal 6023  be confined in the Montgomery County Jail
for a period of Thirty (30) days, to run con-
currently with No. 6022 Criminal.' "

The official court reporter of Montgomery County transcribed the aforegoing sentencing as follows:

" 'The sentence of the Court is that in No. 6022 that you be confined in the Montgomery County Jail for Thirty (30) days; and in No. 6023 that you be confined in the Montgomery County Jail for a space of Thirty (30) days. They will run concurrently and then you will be put on probation for a space of Two (2) years after serving the Thirty (30) days.' "

Immediately thereafter the appellant duly served the thirty day sentences and was then released. On November 16, 1964, the sentencing judge, having been advised that appellant was not behaving himself, caused a bench warrant to be issued for his arrest. In a hearing on December 2, 1964, on the matter of violation of probation, Judge Shure ordered the probation in both Criminal Nos. 6022 and 6023 revoked and sentenced the defendant as follows:

"Docket Entries  'Judgment that the Traverser, Walter Lee
Criminal 6022  Costello, be confined in the Maryland House
of Correction for a period of Three (3)
months.'

"Docket Entries  'That the Traverser be confined in the
Criminal 6023  Maryland House of Correction for a period
of Eight (8) months, Three (3) months of
same to run concurrently with sentence im-
posed in Criminal No. 6022.' "

Immediately following that hearing the appellant filed a motion to strike an illegal sentence. In his motion he asserted that in Criminal No. 6022 the court in its original sentencing neglected to provide an underlying sentence, which could be reinstated in the event of the revocation of probation. In addition, he contended that in essence, the court by its action was giv-

ing two separate and distinct sentences for the same offenses. With reference to Criminal No. 6023 he contended simply that since the docket entries in that case showed no probation in the original sentencing, the court could not subsequently revoke a non-existent probation.

On December 11, 1964, the court, after a hearing on the motion to strike an illegal sentence, struck out the sentence imposed on December 2, 1964, in Criminal No. 6023. However, relying on Maryland Rules 764 a and 765, Judge Shure entered a *nunc pro tunc* order in which he sought to correct the original sentence in Criminal No. 6022 imposed on April 17, 1964, to show that the court's sentence at that time was one year with a suspended sentence of eleven months. This last order further stated that the revocation of probation and the sentence of December 2 should remain in effect. Thereupon Costello entered an appeal to this Court.

At the outset it is clear that the *nunc pro tunc* order is invalid. Rule 764 a gives the court revisory powers after ninety days only when the sentence imposed initially is illegal. Rule 765 provides for the correction of clerical errors. In the instant case the two rules combined did not give the trial judge power to change the initial sentences. The first sentence was in no sense illegal, as was admitted by the State in its brief. The parallel language used in the official docket entries and the official transcript prepared by the court reporter leads us to the conclusion that the error, if there was any, was judicial and not clerical.

We further agree with the appellant's contention that the December 2, 1964, revocation of probation and imposition of an additional three months sentence was invalid. Maryland law authorizes probation only before verdict or upon the suspension of sentence. Code (1957, 1964 Cum. Supp.), Article 41, Sections 107 (f) and 126 (a); Article 27, Sections 639, 641, 642; *Skinker v. State,* 239 Md. 234, 210 A. 2d 716.

In its original sentences of April 17, 1964, the trial court gave definite terms of confinement, no part of which were suspended. Absent a suspension of sentence, the language as to probation had no meaning and it was beyond the power of the trial judge to resentence the appellant, Costello, after he had served the specified thirty days in jail. Judge Shure in a writ-

ten memorandum and order of December 11, 1964, may have revealed retroactively what was his subjective intent as of April 17, 1964. The law does not permit speculation as to the sentencing judge's subjective intent in order to ascertain the extent of the convicted person's punishment. Sentencing is a definite and objective matter, and it is for that reason that the only sentences known to the law are those which appear in the public records of the courts. For the above stated reasons the lower court was in error in failing to grant the appellant's motion to strike out the illegal sentence imposed on December 2, 1964, so that the judgment must be reversed.

Prior to proceeding to the argument on the merits, we heard argument on a motion to dismiss this appeal made by the State, but reserved our ruling on that motion. The State contends that this was an attempted appeal from proceedings before the Circuit Court for Montgomery County in the exercise of its jurisdiction on appeal from the People's Court of that county, and that such an appeal is specifically prohibited by Code (1957, 1964 Cum. Supp.), Article 5, Sections 1 and 12; and Article 52, Section 25 of the 1964 Replacement Volume. We do not agree.

Assuming without deciding that the State is right we feel justified in treating this appeal as though it had come before us as an application for leave to appeal from denial of relief under the Uniform Post Conviction Procedure Act, Code (1957, 1964 Cum. Supp.), Article 27, Sections 645A-645S, as amended, and we so treat it and grant leave, since the sentences which form the basis for the attempted appeal are illegal. *Cf. State v. Tull*, 240 Md. 49, 53, 212 A. 2d 729. The motion to dismiss the appeal will, therefore, be overruled, and the illegal sentences stricken.

*Motion to dismiss appeal overruled and judgment reversed. Costs to be paid by Montgomery County.*