# PATRICIA WILLIAMS *v.* STATE OF MARYLAND

[No. 320, September Term, 1968.]

*Decided June 17, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John A. Buchanan* for appellant.

*Estelle A. Fishbein, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, State's Attorney for Prince George's County,* and *Joseph J. Bonner, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Patricia Williams, the appellant, was convicted in the Circuit Court for Prince George's County, Judge Ralph W. Powers presiding without a jury, of grand larceny and sentenced to a term of three years. On appeal, she contends the conviction and sentence were void because they were based upon a previously abandoned count in the indictment, and that the evidence was insufficient to support the conviction.

The record shows that Patricia Williams was indicted on three counts: larceny, shoplifting, and receiving stolen goods. On April 11, 1968, she entered a plea of guilty to count two of the indictment (shoplifting). The transcript of the proceedings indicates that after the plea of guilty was made, the following exchange took place between the Assistant State's Attorney and the court.

> "(Mr. Bonner) Your Honor at this time, if the Court accepts the plea of guilty from the defendant, Patricia Williams, in case 7740, the State would waive the prosecution on Counts Number One and Number Three.
>
> "(The Court) Very well, then the Court will accept the plea of guilty to the second count, and will refer this case to the Department of Parole and Probation for presentence investigation."

The docket entry for April 11, 1968 contains the following notation: "State abandons prosecution as to Counts One and Three of the Indictment."

On May 29, 1968, Williams appeared before the court and the following exchange took place.

> "(The Court) Before we start this, the de-

fendant's version in the presentence investigation is that she found a bag on the floor and she picked it up and they apprehended her. Under those circumstances I think we better strike out the plea of guilty and enter a plea of not guilty and have a trial on the merits in this case, because I am not going to sentence somebody on a plea of guilty when they say they are not guilty of the offense.

"(Mr. Thomas) I wholeheartedly concur with your Honor about that.

"(The Court) The plea of guilty will be stricken and a plea of not guilty generally will be entered in the case, and we will ask, Mr. State's Attorney, that it be set for trial as soon as possible.

"(Mr. Bonner) I came across that this morning. I already discussed it with counsel. I told him the Court would probably not accept the plea of guilty and he agreed with me.

"(The Court) Very well."

The docket entry for May 29, 1968, states that the plea of "guilty" was stricken and that a plea of "not guilty generally" was entered.

The transcript of the trial indicates that defendant was tried on all three counts of the original indictment. The State called as a witness, William McKinley, security officer for the Montgomery Ward Store at Capital Plaza, Prince George's County. McKinley testified that he had been employed by that store for five years, and that on October 17, 1967, at about 4 o'clock or 4:30 p.m. he saw the defendant, Patricia Williams, in the Fashion Department in Montgomery Ward accompanied by another woman and a man. He testified that he saw them open a big brown paper bag; that the other woman held the bag while Patricia Williams rolled up two suits, dropped the suits into the bag, and walked out of the store. He stated that he saw the other woman and man walk off in an-

other direction, and that he stopped Patricia Williams outside of the store's door while his partner chased the other two who had driven off in a car. McKinley testified that after stopping Patricia Williams, he told her that she was under arrest and brought her back into the store's security office. McKinley stated that his partner, Officer Hall, was unable to apprehend the other man and woman but was able to get the license number and make of their car. The State introduced into evidence State's exhibits one and two which were the two suits which were taken and placed in the bag by Williams. McKinley identified one as the property of Montgomery Ward. The court noted that the other suit had Montgomery Ward's name on it. The price tags were still on the garments and indicated a price of Sixty-five dollars ($65.00) each. McKinley identified the two suits as the garments found in the bag and noted that the price tags on the garments were still intact.

Counsel for appellant then moved for a judgment of acquittal. In addressing the court, counsel for appellant stated, "Well, Your Honor, I believe the indictment charges shoplifting, grand larceny and receiving stolen property." Counsel's further remarks to the court, in arguing for a judgment of acquittal, made reference to all three counts in the indictment. The court granted the motion for acquittal as to count three (receiving stolen goods) but denied the motion as to count one (larceny) and count two (shoplifting). Williams did not present any evidence in her behalf. The court found her guilty as to count one (larceny) and imposed a sentence of three years.

Williams argues the conviction was void because it was based upon a count that had been abandoned by the State's Attorney in open court. Although we know of no way the State can abandon the prosecution, except by the entry of a *nolle prosequi*, we will treat the term "Abandonment" as the equivalent of a *nolle prosequi, Stocker v. State*, 4 Md. App. 275, 279, 242 A. 2d 588. It appears that her contention is sound if the docket entries are ac-

cepted as correct. See *Roberts v. State,* 219 Md. 485, 488, 150 A. 2d 448 and 4 Wharton, *Criminal Law and Procedure* § 1737 (12th Edition) but cf. *Montgomery v. Warden,* 1 Md. App. 30, 226 A. 2d 687. A *nolle prosequi* entered by the State is a final disposition of an indictment, or of a count thereof, and the accused cannot be prosecuted further under that indictment or count, as the case may be, *Greathouse v. State,* 5 Md. App. 675, 685, 249 A. 2d 207. Since, however, the transcript shows that the docket entry was erroneously entered, we will remand the case for correction of the docket entry which is the procedure followed by the Court of Appeals in *Coleman v. State,* 231 Md. 220, 189 A. 2d 616. Although the State's Attorney's language was not precise, we think it indicated the State did not intend to enter a *nolle prosequi* until the court had finally accepted the guilty plea. Maryland has held that a *nolle prosequi* may be officially entered on a reasonable condition, *State v. Morgan,* 33 Md. 44. Relying on this case, the Supreme Court of Tennessee arrived at the same conclusion, *Hobbs v. Murrell,* 93 S.W.2d 628 (Tenn. 1936), *Melton v. State,* 1 So. 2d 920 (Ala. 1941) is perhaps contra.

We think that Williams' contention concerning insufficiency of the evidence is adequately disposed of by referring to the evidence recited in the statement of facts hereinbefore, and we could, therefore, affirm the judgment except that it is necessary to remand the case for correction of the docket entries.

In remanding the case, we think it appropriate to call attention to the State's Attorneys and Clerks of Court that "waiver" and "abandonment" are not necessarily synonymous terms with *nolle prosequi,* and if it is intended that an indictment or a count thereof should be marked *nolle prosequi,* that precise term should be used.

> *Case remanded under Rule 1071 without affirmance or reversal for further proceedings not inconsistent with this opinion.*