515 A.2d 768

Michael **JACKSON**

v.

**STATE of Maryland.**

**No. 80, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Oct. 10, 1986.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

John S. Bainbridge, Jr., Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., for Baltimore City and Gary Schenker, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Argued Before WEANT and ROBERT M. BELL, JJ., and JAME S. GETTY, Associate Judge of the Court of Special Appeals (retired), specially assigned.

ROBERT M. BELL, Judge.

Three questions are presented by this appeal from the Circuit Court for Baltimore City's judgment revoking the probation of Michael Jackson, appellant, and requiring appellant to pay restitution in addition to serving the full term of incarceration previously suspended. The questions are:

1. Should appellant be required to pay restitution?

2. If so, can the amount of restitution exceed $300.00.

3. May appellant's sentence survive the trial court's subsequent issuance of the probation order?

We hold that where the docket entry is ambiguous, but the order of probation clearly makes payment of restitution a condition of probation, the continuation of a restitution order is "effectively precluded", even if the trial court intended to order restitution as a part of the sentence. This renders moot appellant's second assignment of error. We also hold that, under the facts and circumstances of this case, inclusion of a probation order in the record does not vitiate the trial judge's sentence of incarceration.

### The Facts

Appellant was charged in a five-count criminal information with daytime housebreaking and related charges. On July 12, 1983, he was arraigned in circuit court and entered a plea of guilty to the Fifth Count charging theft under $300.00.[1] The guilty plea was accepted and a finding of guilt entered. The docket entries record the court's judgment as follows:

"Judgment—18 months c/o DOC from 1/18/83. 3 years prob. Pay cost and make restitution."

An Order For Probation form was completed, initialed by the trial judge, and filed in the court file on the same day. That form provided:

---

1. Although the order for probation and a Notice of Violation of Probation, dated September 25, 1984, both refer to the charge as daytime housebreaking and the agreed statement of facts given in support of the violation of probation at the January 20, 1986 hearing recited that the charge for which appellant was on probation was daytime housebreaking, the docket entries make clear that the guilty plea was entered as to the Fifth Count, theft under $300.00, and that is the count of which appellant was convicted. Neither the fact of the conviction nor the charge for which the conviction was entered is at issue on this appeal.

It is ORDERED, this 12 day of July, 1983, by the Circuit Court for Baltimore, by virtue of the authority conferred upon it by the laws of the State of Maryland that ... ☑ the execution of the sentence of 18 months from 1/18/83 balance has been suspended, for the offense of DHB and the defendant is hereby released on Probation ☑ under supervision of the Maryland Division of Parole and Probation, ... for a period of 3 yrs, effective this 12 day of July, 1983, subject to the following conditions:

\*   \*   \*   \*   \*   \*

9a Shall pay through the Division of Parole and Probation the sum of $400.00 as follows: ... ☑ Restitution of $400.00 to Banyat Csiramongkolsiri, whose address is 222 St. Paul Street.

Appellant's probation agent prepared a Special Report—Request For Warrant (detainer) on December 10, 1985, which was submitted to the trial judge on December 17, 1985. That special report alleged that appellant had violated his probation by being convicted of a subsequent offense, i.e. storehousebreaking on 7/22/85, Rule No. 4, and by failing "to pay $408.00 restitution and collection fee," Rule 9a. A warrant charging those rule violations was issued for appellant's arrest on December 17, 1985.

The probation violation charges were heard on January 20, 1986, before the same judge who had originally placed appellant on probation. Having elected to plead not guilty and proceed on an agreed statement of facts, which confirmed the fact of the subsequent conviction and appellant's failure to pay restitution, appellant was found guilty of the violations. At the disposition phase of the hearing, the following occurred:

> THE COURT: The defendant is sentenced to the jurisdiction of the Division of Correction for a period of eighteen months, to be consecutive to any present and unserved sentence. In addition, he has to make $400.00

restitution to whoever the victim is in this case plus the court costs.

MR. RAGLAND [Defense counsel]: Your Honor, the restitution order, if that was not part of the original sentence, part of the original probation, would be uncollectible since you violated the probation.

THE COURT: I can't tell from the docket whether the clerk did it the way I wanted it to be done or not. My intention always is, and I articulated it as such, I believe restitution is separate and apart from, and it's always a condition of probation. In the event the defendant violates his probation, the restitution, as part of the original sentence survives any violation of probation. It can be imposed, in addition to incarceration.

MR. RAGLAND: I agree with that, as long as it is part of the original sentence.

THE COURT: I can't tell from the docket entry. If the defendant wishes to raise it, he can get a transcript of the proceedings and see what I said. . . .

The docket entries of January 20, 1986 [2] reflect the sentence as announced by the court, except that it states to whom restitution is to be paid, and how it is to be paid, "thru prob upon release from DOC." They also reflect the notation that a "prob order and commitment" were filed. The Order For Probation form contained in the court file bears the notation, in the left upper corner, "For collection only" and provides:

---

2. See discussion beginning at p. 691 *infra.*

It is ORDERED this 20th day of January, 1986, by the Circuit Court for Baltimore City, by virtue of the authority conferred upon it by the laws of the State of Maryland, that ☐ the imposition of sentence is suspended or ☒ the execution of the sentence of        has been suspended for the offense as above,[3] and the defendant is hereby released on Probation ☒ under supervision of the Maryland Division of Parole and Probation, ☐ without supervision for a period of effective this ___°___ day of _____, 19__, subject to the following conditions:

Standard conditions 1 through 8 are set out without alteration. Then the form provides:

9. ~~Shall pay through the Sheriff's Department the sum of $_____ as follows.~~

    ☐ Court costs of $130;

    ☐ Fine of $_____;

In such installments as the Sheriff's Department shall determine and direct or; In installments of $_____ per _____.

9a. Shall pay through the Division of Parole and Probation the sum of $530.00 as follows:

    ☐ Attorney's fee of $_____ to _____, whose address is
_____

    ☑ Restitution of $400.00 to Banyat Csiramongkolsiri whose address is 222 St. Paul Street, Apartment 802

In such installments as the Division shall determine and direct or; In installments of $_____ per _____

10. Special conditions as follows:

    For collection only.

## Restitution—To Pay or Not to Pay

It is now quite clear that a trial judge may order restitution either as a condition of probation, *see* Md.Code Ann. art. 27, §§ 640(c) and 641A(a); *Coles v. State*, 290 Md. 296, 305, 429 A.2d 1029 (1981), or as a part of a sentence. *See*

---

**3.** The charge to which this notation refers is "viol of prob," which is contained in the caption of the form.

*Smitley v. State,* 61 Md.App. 477, 482, 487 A.2d 315 (1985). It is also quite clear, as we painstakingly and clearly explained in *Smitley,* that there is "a significant distinction between the two methods." *Id.* at 483, 487 A.2d 315. One distinction relates to the method of enforcement:

> If the order is made "as a sentence," it may, if the State shows an ability on the part of the defendant to comply with the order, be enforced through contempt proceedings. If, on the other hand, the order is not stated "as a sentence" but rather as a condition of probation or parole, it may be enforced through the power to revoke the probation or parole. (footnote omitted)

*Id.* The more significant distinction, however, relates to "the inability of the court to increase or enhance a sentence that has once and validly been imposed." *Id.* We explained:

> When restitution is ordered "as a sentence," enforcement through contempt proceedings serves merely to implement the sentence, not to enhance it. It is an additional remedy to that provided in [art. 27,] section 637. Similarly, when restitution is attached as a condition to probation and, upon non-compliance, the court revokes the probation and directs execution of all or any part of the suspended sentence, the initial sentence has merely been implemented, not enhanced. It may even be possible, pursuant to section 642 of art. 27, for the court to direct execution of the suspended sentence, suspend anew a part of that sentence, place the defendant on further probation, and continue an order of restitution as a condition of the new probation. What the court may *not* do, however, when the restitution is not "as a sentence" but only a condition of probation, is to direct execution of the *full term* of the suspended sentence *and* continue the restitution order, either "as a sentence" or as a condition to some further probation. That is equivalent to *increas-*

*ing,* not merely *implementing,* the suspended sentence. (emphasis in the original, footnote omitted)

61 Md.App. at 484, 487 A.2d 315.

It is, therefore, critically important that we resolve as a threshold matter whether, as appellant contends, the restitution was ordered only as a condition of probation, or, as the State contends, as a part of the sentence, or whether it was ordered both as a condition of probation and as a part of the sentence. Once again, *Smitley* is instructive. There, the judgment, as reflected in the docket entries was:

"Judgment: as to 48210310—Sixty (60) da[y]s to the Department of Correction concurrent to 48210310 [sic]— Pay costs thru Probation. Judgment: as to 48210311— Two (2) years to Department of Correction from 9–22–82 to suspended—Three (3) years supervised probation. Make restitution and pay Costs thru Probation, Perrott, J."

We observed:

Although the docket entry may be a bit ambiguous as to the nature of the restitution order, the Order For Probation is not. It clearly reflects the sentences to be confinement for sixty days and two years, respectively, and that payment of the restitution (and court costs) was merely one of the nine conditions of probation. Accordingly, when Judge Johnson revoked the probation, he necessarily revoked the conditions attached to it, including the conditions relating to payment of restitution and court costs.

*Id.,* 61 Md.App. at 484–85, 487 A.2d 315.

The situation presented here is almost identical: as we have seen, the judgment sets out the fact of suspension of sentence of incarceration and three years probation, followed by the direction to pay costs and make restitution; and the Order for Probation unmistakably includes restitution as one of the several conditions of probation imposed upon suspension of that sentence. The conclusion would thus appear inescapable that continuation of an order of

restitution is precluded by the revocation of appellant's probation.

The State, however, resists that conclusion by seizing upon dicta in *Smitley* and the comments of the trial judge made at disposition. Relying upon the statement from *Smitley,* that " ... [i]t may be possible for a court to do *both* when entering its judgment, i.e., to order restitution as part of a sentence and, ... to order payment of the restitution as a condition of that probation," 61 Md.App. at 483, 487 A.2d 315, it argues that the trial judge's statements at sentencing make clear that this is exactly what the court did. Thus, the State urges that the docket entries are not ambiguous. Curiously, it also contends that condition 9a in the Order for Probation "shows nothing more than the fact that the money was to be collected according to the dictates of Maryland Ann.Code art. 27, § 640(d), the administration portion of the State's restitution statute."

While at first blush the State's argument is persuasive, closer analysis reveals its basic flaw. At issue here is not what the trial judge always does, or even what he intended to do in this case, rather, it is what the trial judge did that is important. And that " ... determination is to be made as of the time when the sentence [is] imposed." *Brown v. State,* 237 Md. 492, 507, 207 A.2d 103 (1965). *See Shade v. State,* 18 Md.App. 407, 411, 306 A.2d 560 (1973) (unilateral acts of the trial judge taken after entry of judgment neither changes the sentence imposed nor gives rise to an inference that the accused knew of the change.); *Costello v. State,* 240 Md. 164, 168, 213 A.2d 739 (1965) (written memorandum varying terms of sentence set out in the record is invalid.).

What the trial judge did must be gleaned from the judgment entered, *i.e.,* from the sentence imposed. *Sands v. State,* 9 Md.App. 71, 79, 262 A.2d 583 (1970). The transcription of the pronouncement of the sentence in open court and its entry on the court docket are the objective and tangible manifestations of the judgment, which constitute notice, not only to the accused, but to all interested parties.

Therefore, the determination of the terms of the judgment ordinarily and necessarily involves review of the transcript of the proceedings and of the docket entries.

Although the docket entries " ... are made under the eye of the court, and by its authority ..." *Weighorst v. State,* 7 Md. 442, 450 (1855), when there is a variance, "[t]he transcript of the trial, unless shown to be in error, takes precedence over the docket entries...." *Shade, supra.* In *Shade,* which concerned the validity of a sentence imposed for violation of probation, the trial transcript failed to disclose that a term of probation, in lieu of suspended jail sentences, had been imposed. The docket entries, on the other hand, did. It was this conflict that we resolved. Similarly, in *Brown, supra,* although the trial transcript showed that the trial judge had sentenced the accused to life imprisonment and then struck the sentence pending the filing of a motion for new trial, the docket entries only stated, "Sentence deferred pending the filing of a Motion for a New Trial." Addressing the issue presented, "whether the life sentence imposed on *Brown* ... was vacated or suspended," the Court resolved the conflict by observing:

> The fact that the court's docket does not show the imposition of the sentence and its subsequent stay cannot affect Brown's status. That status depended upon what happened in open court, in his presence, not upon the clerk's interpretation thereof. The sentence should have been recorded and the stay of its execution noted. But the clerk's failure properly to interpret what had transpired cannot alter the facts that a life sentence had been imposed, the rules [former Supreme Bench Rule 747] invoked, and under it, only the execution of the sentence had been stayed.

*Id.,* 237 Md. at 507, 207 A.2d 103. *See also Coleman v. State,* 231 Md. 220, 222–23, 189 A.2d 616 (1963); *Roberts v. State,* 219 Md. 485, 488, 150 A.2d 448 (1959); *Williams v. State,* 7 Md.App. 241, 245, 254 A.2d 376 (1969).

When, however, the transcript is shown to be in error, the converse may be true. *Fuller v. Horvath,* 42 Md.App. 671,

673, 402 A.2d 134 (1979). That is the case where, even though the transcript shows otherwise, "[t]he docket entries and all of the post trial proceedings conducted before the judge who had decided the directed verdict motion, indicate that the motion was 'granted' ". *Id.* In any event, until corrected by the court in which the error occurred, the docket entries are presumed correct. *Coleman v. State, supra.* *See Lewis v. State,* 289 Md. 1, 6, 421 A.2d 974 (1980).

Turning to the instant case, we note the existence of the following facts: (1) the docket entry is ambiguous, either of two constructions being possible; (2) the Order for Probation is clear beyond doubt that restitution was one of the conditions of probation; and (3) the trial transcript is unavailable through no fault of appellant.[4] Although, due to its unavailability, it is impossible to resolve the ambiguity in the docket entry by reference to the transcript, it is nevertheless clear that the Order for Probation and the docket entry are not necessarily inconsistent: The docket entry is susceptible to the construction that restitution was ordered as a condition of probation, and the Order for Probation, which was initialed by the trial judge and which clearly so provides, simply reflected the sentence as noted in the docket entry. In other words, the Order for Probation effectively clarified the "ambiguous" docket entry. *See Smitley,* 61 Md.App. at 484, 487 A.2d 315. Thus, all the objective indicia of the judgment clearly reveals what was done, although, perhaps, not what was intended. *See Costello, supra.*

We next address the role and, indeed, the effect of the trial judge's statements made at the disposition phase of the proceedings, regarding his intention and his recollection of the effect and terms of the sentence that he imposed on appellant.

---

**4.** Appellant advises us, and the State concurs, that he attempted to obtain the trial transcript from the court reporter, but was unable to do so because the notes of the proceedings had been lost.

"The law does not permit speculation as to the sentencing judge's subjective intent in order to ascertain the extent of the convicted person's punishment. Sentencing is a definite and objective matter, and it is for that reason that the only sentences known to the law are those which appear in the public records of the courts." *Costello v. State, supra,* 240 Md. at 168, 213 A.2d 739. Thus, even where there is a transcript available, if the record is clear, although the trial judge's actual intentions be otherwise, we will give effect to that intention reflected in the record. *Shade,* 18 Md.App. at 413, 306 A.2d 560. *See also Bellam v. State,* 233 Md. 368, 372, 196 A.2d 891 (1964). Similarly, the trial judge's recollection, given some time after the fact, is not conclusive as to the terms or effect of the sentence reflected in the record, *Brown,* 237 Md. at 507, 207 A.2d 103, although it may be relevant to the resolution of the issue. *Fuller v. Horvath,* 42 Md.App. at 677, 402 A.2d 134.

Applying these principles to the facts *sub judice,* we find the result to be clear. Despite the absence of the trial transcript, when the docket entries are viewed in tandem with the Order for Probation, any ambiguity that might exist is dispelled. As an objective matter, then, the record reflects a definite sentence. We therefore hold that where a transcript of the trial is unavailable through no fault of appellant, even though the docket entries may be ambiguous, neither the subjective intention of the trial judge nor his recollection [5] may vary the terms or effect of

---

**5.** We are not convinced that the trial judge's recollection, as reported in the transcript, is as strong as the State asserts. Although we acknowledge that he said that he informed the court clerk that the restitution was to be a part of the sentence, he later invited appellant's counsel to obtain the trial transcript to see what he said. We think such an invitation connotes less than full recall of the sentencing procedure. Moreover, despite the trial judge's statement of his recollection, it is just possible that it is faulty in this instance. Where there is doubt, it should be resolved in appellant's favor. *See, e.g., Nelson v. State,* 66 Md.App. 304, 314, 503 A.2d 1357 (1986).

a sentence if the ambiguity in the docket entries is effectively clarified by other court documents, signed or initialed by the trial judge. In reaching this conclusion, we expressly do not decide whether a trial judge may order restitution as both a part of the sentence and as a condition of probation. Although extremely interesting, it simply is not presented on this record.

There is absolutely no merit in the State's argument that the inclusion of restitution in the Order for Probation is nothing more than a methodology for collecting restitution pursuant to the dictates of § 640(d).

Although we have concluded that the judge's continuation of the restitution order was erroneous, in view of the trial judge's apparent interest in ensuring that restitution is paid, we will remand the matter to the trial judge to allow him to consider whether to structure a sentence which can accomodate both his desire to punish appellant for the violation and ensure that restitution is paid. *See Smitley,* 61 Md.App. at 486, 487 A.2d 315. We need not, and do not, however, address appellant's second assignment of error.

### Incarceration, Probation, or Both

Appellant correctly asserts that the 1986 docket entries show that the trial judge issued both a probation order and a commitment. This, he says, indicates that appellant was placed on probation and, therefore, it was error for the trial judge to also commit him to the Division of Correction to serve a sentence. We disagree.

Neither the transcript nor the January 20, 1986 docket entry is ambiguous. The trial judge quite clearly sentenced appellant to 18 months to the Division of Correction, consecutive to any sentence then being served. That this is so is corroborated by the commitment in the court file. The record does also contain an Order for Probation. That order, however, is, by its terms, "For collection only" as indicated in two separate places on the form. Moreover, it

specifically recognizes that appellant was sentenced to imprisonment: it provides that appellant's first appointment with a probation agent is to occur "upon release." Finally, no definite term of probation is prescribed.

The Order for Probation does indicate that execution of appellant's sentence was suspended and that appellant was released on probation under supervision of the Maryland Division of Parole and Probation, subject to certain conditions, only one of which had been stricken out. While it is possible to construe the order for probation as an indication that appellant was placed on probation, when considered in light of the entire record, it is obvious that the order was only intended to be a mechanism for the payment of the restitution upon appellant's release from incarceration.

We might mention that needless problems may be created when an Order for Probation form is utilized in this manner, especially if the form is not fully conformed so as to make perfectly clear the function it is to perform. This was not done in this case. Any future use of the Order for Probation form for a purpose other than probation should be undertaken carefully and only if it can be conformed, without ambiguity, to the purpose intended.

We conclude that appellant was not placed on probation, but, rather, was sentenced to a period of incarceration, at the conclusion of which restitution was to be made through the Division of Parole and Probation. It follows that the Order for Probation form has no force or effect. Upon remand, the trial judge should strike it from the record.

FINDING OF VIOLATION AFFIRMED; SENTENCE VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.